IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Roger Nickeya Johnson, #210623, | ) | C/A No.: 1:15-3275-HMH-SVH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| Warden, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Roger Nickeya Johnson ("Petitioner") is an inmate at the Broad River Correctional Institution ("BRCI") of the South Carolina Department of Corrections ("SCDC") who filed this pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civ. Rule 73.02(B)(2)(c) (D.S.C.) for a Report and Recommendation on Respondent's motion for summary judgment and return. [ECF Nos. 18, 19]. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Petitioner of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to Respondent's motion by February 19, 2016. [ECF No. 20]. Petitioner failed to file a response, and the court issued an order on February 23, 2016, directing Petitioner to advise the court whether he wished to continue with his case and to file a response to Respondent's motion by March 8, 2016. [ECF No. 23]. Petitioner filed a response on February 24, 2016. [ECF No. 25].

Having carefully considered the parties' submissions and the record in this case, the undersigned recommends that Respondent's motion for summary judgment be granted.

I.      Factual and Procedural Background

At trial, the state presented evidence that on October 18, 2005, Investigator James C. Shumpert, Jr. ("Shumpert") and Deputy Kenneth McMaster ("McMaster") stopped to investigate a bonfire in the yard of an abandoned house [ECF No. 19-1 at 194, 197]. While walking towards the property, the officers observed Petitioner and another individual in the yard. *Id.* at 197–98. They also noted a vehicle stopped in the middle of the road by the house. *Id.* at 197. McMaster spoke to the driver, who told McMaster that Petitioner had kidnapped her. *Id*. at 327–28. Shumpert decided to detain Petitioner. *Id.* at 199. Shumpert approached Petitioner, who was standing in the doorway of the abandoned house. *Id.* at 202–203. McMaster was standing by the side of the porch. *Id.* at 330–31. Shumpert grabbed Petitioner, withdrew his weapon and "had a gun" to Petitioner. *Id.* at 203, 240. Shumpert told Petitioner to put his hands up, and Petitioner complied stating, "You got me, you got me, I have cocaine in my pocket." *Id.* at 203. Shumpert was holding onto Petitioner while holstering his weapon when Petitioner stuck a gun in Shumpert's side and shot him. *Id.* at 203–204. Petitioner then shot McMaster in the arm. *Id.* at 331–33. Petitioner ran into the house and exited through the rear of the property. [*Id*. at 205; ECF No. 19-3 at 8].

Petitioner was indicted by the Orangeburg County grand jury during the March 2006 term of court for two counts of assault and battery with the intent to kill ("ABWIK") (2005-GS-38-2080, -2085) [ECF No. 19-4 at 41–42, 44–45] and during the June 2006 term of court for possession of a firearm by a person convicted of a crime of violence (2005-GS-38-2083) [*id.* at 47–48]. Petitioner was represented by Scott Palmer, Esq., at a

jury trial on August 8–10, 2006, before the Honorable James C. Williams, Jr., Circuit Court Judge. [ECF No. 19-1 at 3 *et seq.*]. Petitioner was found guilty on all counts. [ECF No. 19-3 at 151–56]. Judge Williams sentenced Petitioner to consecutive sentences of life without parole for the ABWIK charges and five years for possession of a weapon during the commission of a violent crime. *Id.* at 162–63.

Petitioner appealed his convictions and sentences to the South Carolina Court of Appeals ("Court of Appeals"). [ECF No. 19-5]. On appeal, Petitioner was represented by Joseph L. Savitz, III, Esq., of the South Carolina Commission on Indigent Defense, Division of Appellate Defense. Attorney Savitz filed a merits brief raising the following issue: "The trial judge committed reversible error by refusing to instruct the jury on the lesser-included offense of assault and battery of a high and aggravated nature." *Id.* at 4.

On May 18, 2009, the Court of Appeals filed an unpublished decision affirming the convictions. [ECF No. 19-7]. Petitioner filed a petition for rehearing on or about June 2, 2009, which the Court of Appeals denied on June 29, 2009. [ECF No. 19-3 at 199–203]. Petitioner filed a petition for writ of certiorari on or about October 26, 2009, raising the following issue: "The trial judge committed reversible error by refusing to instruct the jury on the lesser-included offense of assault and battery of a high and aggravated nature." [ECF No. 19-8 at 3]. The South Carolina Supreme Court denied certiorari in an order filed September 23, 2010. [ECF No. 19-10]. The remittitur was issued on September 27, 2010. [ECF No. 19-11].

On March 14, 2011, Petitioner filed an application for post-conviction relief ("PCR"), raising claims of trial court error and ineffective assistance of counsel. [ECF No

3

19-3 at 231–55]. Petitioner filed an amended PCR application, asserting additional claims of ineffective assistance of appellate counsel. *Id.* at 256–79.

On November 29, 2011, a PCR evidentiary hearing was held before the Honorable Diane Schafer Goodstein, Circuit Court Judge, at which Petitioner and his counsel, Clarissa Warner Joyner, Esq., appeared. [ECF Nos. 19-3 at 288–354; 19-4 at 1–21]. On March 28, 2012, Judge Goodstein issued an order of dismissal. [ECF No. 19-4 at 22–40].

Petitioner appealed from the denial of PCR and was represented by Appellate Defender Dayne C. Phillips, Esq., of the South Carolina Commission on Indigent Defense, Division of Appellate Defense. [ECF No. 19-12]. Attorney Phillips filed a petition for writ of certiorari in the South Carolina Supreme Court on or about February 11, 2013, raising the following issues:

1. Did trial counsel provide ineffective assistance of counsel by failing to object when the trial court deferred to the courtroom security's decision to have Petitioner shackled during the entire trial without any showing by courtroom security or the State that the shackles were necessary, especially when the shackles were visible to the jury before and after Petitioner testified, thereby denying Petitioner his constitutional right to the presumption of innocence?

2. Did appellate counsel provide ineffective assistance of counsel by failing to raise on appeal the trial court's decision to admit Petitioner's booking photograph when: Petitioner was present in the courtroom; the photograph was not necessary to substantiate any material fact; and the sole purpose of the photograph was to arouse the prejudice of the jury?

3. Did trial counsel provide ineffective assistance of counsel by failing to object to the solicitor's closing argument when the solicitor's comments impermissibly appealed to the passions of the jurors and so infected the trial with unfairness as to make the resulting conviction a denial of due process?

4

*Id.* at 3.

The South Carolina Supreme Court denied the petition on January 13, 2015. [ECF No. 19-15]. The remittitur was issued on January 29, 2015. [ECF No. 19-16]. Petitioner filed this petition for a writ of habeas corpus on August 14, 2015.[1] [ECF No. 1].

II.     Discussion

    A.     Federal Habeas Issues

Petitioner asserts he is entitled to a writ of habeas corpus on the following grounds:

**Ground One:**     Trial Judge erred in refusing to instruct the jury on the lesser included offense.

Supporting facts: Petitioner was indicted on (2) counts of assault and battery w/ intent to kill. One victim was shot in a bulletproof vest while a second victim sustained a flesh wound to the forearm. Petitioner presented evidence which would naturally support his claim that he wasn't trying to kill or seriously injure victims, and therefore the jury should have had an option other than guilty or not guilty of intent to kill.

**Ground Two:**     Trial counsel was ineffective and he literally railroaded Petitioner into being impeached.

Supporting facts: Trial counsel testified at PCR evidentiary hearing that his client "is not a good guy" and that he told the jury this to get the bad stuff out of the way. Counsel asked his client a question, which opened the door to solicitor asking the same question on cross examination. Judge instructed defendant to answer question. The implicating answer was "i was there to conduct a drug deal." This painted Petitioner in a highly unfavorable light and prejudiced him.

**Ground Three:**     Prosecutorial Misconduct via closing arguments, vouching for credibility of state's witnesses.

---

[1] The court received the petition on August 18, 2015, and docketed it on this same day. [ECF No. 1-1 at 1]. Because Petitioner is incarcerated, he benefits from the "prison mailbox rule." *Houston v. Lack*, 487 U.S. 266 (1988). The date stamp on the envelope containing the petition reflects August 14, 2015, as the date the BRCI mailroom received the envelope. [ECF No. 1-1 at 1].

>   Supporting facts: During closing arguments, solicitor David M. Pascoe misled the entire jury panel by stating: "if im wrong, give him back his gun." This statement was made while he slammed state's exhibit #1 (45 caliber) on the ledge of the jury box. Pascoe vouched the credibility of state's witnesses James Shumpert & Kenneth McCaster as "Good Cops." One has been terminated for acts of misconduct since the date of the trial. The whole point of my defense were that these were "dirty cops." Trial attorney vouched this (See PCR transcript). The officer remaining on duty is currently being investigated for misconduct.

**Ground Four:**   Applicant contends that he was denied due process as a result of wearing full body restraints during entire trial.

>   Supporting facts: Trial judge made a ruling that the applicant wear restraints during the entire course of trial. Within this same ruling, trial judge agreed with the defense attorney that to avoid any potential prejudice, he would have defendant on the stand prior to jury entering courtroom "So they wont have to see him walking with chains on." After two days of heated testimony, trial judge ordered defendant to "step down," at which time defendant walked in the presence of the jury while wearing leg irons and belly chains.

[ECF No. 1 at 5–10].

   B.   Standard for Summary Judgment

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "[S]ummary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*. At the summary judgment stage, the court must view the evidence in the light most favorable to the non-moving party

and draw all justifiable inferences in its favor. *Id*. at 255. However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. *See* Fed. R. Civ. P. 56(e).

  C. Habeas Corpus Standard of Review

    1. Generally

Because Petitioner filed his petition after the effective date of the AEDPA, review of his claims is governed by 28 U.S.C. § 2254(d), as amended. *Lindh v. Murphy*, 521 U.S. 320 (1997); *Noland v. French*, 134 F.3d 208, 213 (4th Cir. 1998). Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. 28 U.S.C. § 2254(d)(1)(2); *see Williams v. Taylor*, 529 U.S. 362, 398 (2000). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.

7

Rather, that application must also be unreasonable." *Id*. at 410. Moreover, state court factual determinations are presumed to be correct and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

        2.      Procedural Bar

Federal law establishes this court's jurisdiction over habeas corpus petitions. 28 U.S.C. § 2254. This statute permits relief when a person "is in custody in violation of the Constitution or laws or treaties of the United States[,]" and requires that a petitioner present his claim to the state's highest court with authority to decide the issue before the federal court will consider the claim. *Id.* The separate but related theories of exhaustion and procedural bypass operate in a similar manner to require a habeas petitioner to first submit his claims for relief to the state courts. A habeas corpus petition filed in this court before the petitioner has appropriately exhausted available state-court remedies or has otherwise bypassed seeking relief in the state courts will be dismissed absent unusual circumstances detailed below.

        a.      Exhaustion

Section 2254 contains the requirement of exhausting state-court remedies and provides as follows:

> (b)    (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court, shall not be granted unless it appears that—
>
>         (A)   the applicant has exhausted the remedies available in the courts of the State; or
>
>         (B)   (i) there is an absence of available State corrective process; or

8

>>(ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
>(2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.
>
>(3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.
>
>(c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254.

The statute requires that, before seeking habeas corpus relief, the petitioner first must exhaust his state court remedies. 28 U.S.C. § 2254(b)(1)(A). In South Carolina, a person in custody has two primary means of attacking the validity of his conviction: (1) through a direct appeal, or (2) by filing an application for PCR. State law requires that all grounds be stated in the direct appeal or PCR application. Rule 203 SCACR; S.C. Code Ann. § 17-27-10, *et seq.*; S.C. Code Ann. § 17-27-90; *Blakeley v. Rabon*, 221 S.E.2d 767 (S.C. 1976). If the PCR court fails to address a claim as is required by S.C. Code Ann. § 17-27-80, counsel for the applicant must make a motion to alter or amend the judgment pursuant to Rule 59(e), SCRCP. Failure to do so will result in the application of a procedural bar by the South Carolina Supreme Court. *Marlar v. State*, 653 S.E.2d 266 (S.C. 2007).[2] Furthermore, strict time deadlines govern direct appeal and the filing of a PCR in

---

[2] In *Bostick v. Stevenson*, 589 F.3d 160, 162–65 (4th Cir. 2009), the Fourth Circuit found that, prior to the Supreme Court of South Carolina's November 5, 2007 decision in *Marlar*,

the South Carolina courts. A PCR must be filed within one year of judgment, or if there is an appeal, within one year of the appellate court decision. S.C. Code Ann. § 17-27-45.

The United States Supreme Court has held that "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"—which includes "petitions for discretionary review when that review is part of the ordinary appellate review procedure in the State." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). This opportunity must be given by fairly presenting to the state court "both the operative facts and the controlling legal principles" associated with each claim. *Baker v. Corcoran*, 220 F.3d 276, 289 (4th Cir. 2000)(internal citations omitted). That is to say, the ground must "be presented face-up and squarely." *Mallory v. Smith*, 27 F.3d 991, 995 (4th Cir. 1994) (citation and internal quotation marks omitted).

The South Carolina Supreme Court has held that the presentation of claims to the state court of appeals without more is sufficient to exhaust state remedies for federal habeas corpus review. *State v. McKennedy*, 559 S.E.2d 850 (S.C. 2002); *see also In re Exhaustion of State Remedies in Criminal and Post-Conviction Relief Cases*, 471 S.E.2d 454 (S.C. 1990). The *McKennedy* court held that *In re Exhaustion* had placed discretionary review by the South Carolina Supreme Court "outside of South Carolina's ordinary appellate review procedure pursuant to *O'Sullivan*." 559 S.E.2d at 854. As such, it is an

---

South Carolina courts had not been uniformly and strictly enforcing the failure to file a motion pursuant to Rule 59(e), SCRCP, as a procedural bar. Accordingly, for matters in which there was a PCR ruling prior to November 5, 2007, the court will not consider any failure to raise issues pursuant to Rule 59(e) to effect a procedural bar.

"extraordinary" remedy under *O'Sullivan*, "technically available to the litigant but not required to be exhausted." *Adams v. Holland*, 330 F.3d 398, 403 (6th Cir. 2003).

Because the South Carolina Supreme Court has held that presentation of certain claims to the Court of Appeals without more is sufficient to exhaust state remedies, a claim is not procedurally barred from review in this court for failure to pursue review in the South Carolina Supreme Court after an adverse decision in the Court of Appeals.

b.   Procedural Bypass

Procedural bypass, sometimes referred to as procedural bar or procedural default, is the doctrine applied when a petitioner who seeks habeas corpus relief as to an issue failed to raise that issue at the appropriate time in state court and has no further means of bringing that issue before the state courts. In such a situation, the person has bypassed his state remedies and, as such, is procedurally barred from raising the issue in his federal habeas petition. Procedural bypass of a constitutional claim in earlier state proceedings forecloses consideration by the federal courts. *See Smith v. Murray*, 477 U.S. 527, 533 (1986). Bypass can occur at any level of the state proceedings if the state has procedural rules that bar its courts from considering claims not raised in a timely fashion.

The South Carolina Supreme Court will refuse to consider claims raised in a second appeal that could have been raised at an earlier time. Further, if a prisoner has failed to file a direct appeal or a PCR and the deadlines for filing have passed, he is barred from proceeding in state court. If the state courts have applied a procedural bar to a claim because of an earlier default in the state courts, the federal court honors that bar. As the Supreme Court explains:

11

> . . . [state procedural rules promote] not only the accuracy and efficiency of judicial decisions, but also the finality of those decisions, by forcing the defendant to litigate all of his claims together, as quickly after trial as the docket will allow, and while the attention of the appellate court is focused on his case.

*Reed v. Ross*, 468 U.S. 1, 10–11 (1984).

### 3. Cause and Actual Prejudice

Because the requirement of exhaustion is not jurisdictional, this court may consider claims that have not been presented to the state's courts in limited circumstances in which a petitioner shows sufficient cause for failure to raise the claim and actual prejudice resulting from the failure, *Coleman*, 501 U.S. at 722, 750 (1991), or by "prov[ing] that failure to consider the claims will result in a fundamental miscarriage of justice." *Lawrence v. Branker*, 517 F.3d 700, 714 (4th Cir.), cert. denied, 555 U.S. 868 (2008). A petitioner may prove cause if he can demonstrate ineffective assistance of counsel relating to the default, show an external factor which hindered compliance with the state procedural rule, or demonstrate the novelty of a particular claim. *Id.* Absent a showing of "cause," the court is not required to consider "actual prejudice." *Turner v. Jabe*, 58 F.3d 924 (4th Cir. 1995). However, if a petitioner demonstrates sufficient cause, he must also show actual prejudice in order to excuse a default. *Murray*, 477 U.S. at 492. To show actual prejudice, the petitioner must demonstrate more than plain error.

### D. Analysis

#### 1. Procedurally-Barred Grounds

Respondent alleges all of Petitioner's claims are procedurally barred or defaulted. [ECF No. 19 at 29–37]. The undersigned agrees. In Ground One, Petitioner argues the trial

12

judge erred in refusing to instruct the jury on the lesser-included offense. [ECF No. 1 at 5]. Because Ground One is a challenge to the application of state law, it is not cognizable in a federal habeas action. *See Estelle v. McGuire*, 502 U.S. at 67–68 (1991) ("We have stated many times that 'federal habeas corpus relief does not lie for errors of state law.' . . . Today, we reemphasize that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States.") (citations omitted).

In Ground Two, Petitioner alleges his trial counsel was ineffective and railroaded Petitioner into being impeached. [ECF No. 1 at 7]. Because Ground Two was not raised in Petitioner's PCR appeal, it was not fairly presented to the South Carolina appellate courts and is procedurally barred from federal habeas review. *See Coleman*, 501 U.S. 722 (stating that if an issue is not properly raised to the state's highest court and would be procedurally impossible to raise now, then it is procedurally barred from federal habeas review).

In Ground Three, Petitioner alleges the solicitor improperly vouched for the credibility of the state's witnesses. [ECF No. 1 at 8]. In Ground Four, Petitioner claims he was denied due process as a result of wearing full body restraints during his entire trial. *Id.* at 10. Grounds Three and Four are direct appeal claims that were not preserved at the trial level or not raised in Petitioner's direct appeal. Accordingly, these grounds were not fairly presented to the South Carolina appellate courts and are procedurally barred from federal habeas review. *See Coleman*, 501 U.S. 722; *Jenkins v. Bodison*, No. 4:09-cv-0267-GRA, 2010 WL 1073983, at *1 (D.S.C. Mar. 18, 2010) (citations omitted) ("[A]n issue may not

be raised for the first time on appeal; to preserve an issue for appeal, it must be raised to and ruled upon by the trial court, that is, the trial court must be given an opportunity to resolve the issue before it is presented to the appellate court.").

### 2. Cause and Prejudice

Petitioner has not shown sufficient cause and prejudice to excuse the default of Grounds One, Two, Three, and Four. In all cases in which a state prisoner has defaulted his federal claims in state court, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice. *See* 28 U.S.C. § 2254; *Rodriguez v. Young*, 906 F.2d 1153, 1159 (7th Cir. 1990) (holding that neither cause without prejudice nor prejudice without cause gets a defaulted claim into federal court); *Mazzell v. Evatt*, 88 F.3d 263, 269 (4th Cir. 1996) (holding that "prejudice" requires a petitioner to show that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different); *Murray*, 477 U.S. at 496; *Rodriguez*, 906 F.2d at 1159 (holding that a fundamental miscarriage of justice occurs only in extraordinary cases, "where a constitutional violation has probably resulted in the conviction of one who is actually innocent"); *Sawyer v. Whitley*, 505 U.S. 333, 348 (1992).

The existence of cause must ordinarily turn on whether the prisoner can show some objective factor external to the defense impeded counsel's or the defendant's efforts to comply with the State's procedural rule. *Murray*, 477 U.S. at 488. Petitioner fails to articulate cause for procedurally defaulting on these grounds. Petitioner had a trial, a direct

14

appeal, a PCR hearing, and a PCR appeal in which to raise these issues. However, he failed to raise them, raise them properly, or preserve the issues for habeas review. Petitioner cannot establish cause and prejudice because he has abandoned the opportunities to preserve these issues.

In the alternative, Petitioner must show a miscarriage of justice. To demonstrate a miscarriage of justice, Petitioner must show he is actually innocent. Actual innocence is defined as factual innocence, not legal insufficiency. *Bousley v. United States*, 523 U.S. 614, 622 (1998). Petitioner cannot establish that the errors he complains of probably resulted in the conviction of an innocent person. *Schlup v. Delo*, 513 U.S. 298, 327 (1995). In order to pass through the actual-innocence gateway, a petitioner's case must be "truly extraordinary." *Id.* The court's review of the record does not support a showing of actual innocence.

During Petitioner's trial, the solicitor presented the facts recited in the Factual Background section above. The record makes an assertion of actual innocence not credible. The undersigned finds Petitioner has failed to meet his burden of demonstrating actual innocence, and therefore, a procedural bar applies to all his claims.

III.    Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends the court grant Respondent's motion for summary judgment. [ECF No. 18].

IT IS SO RECOMMENDED.

April 14, 2016
Columbia, South Carolina

Shiva V. Hodges
United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).